UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEE MARVIN TUCKER,

        Petitioner,        Case No. 1:15-cv-764

v.        Honorable Gordon J. Quist

MARY BERGHUIS,

        Respondent.
_____/

# REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of ten to thirty years, imposed by the Kalamazoo County Circuit Court on September 16, 2013, after Petitioner pleaded guilty to one count of third-degree criminal sexual conduct (CSC III) involving force or coercion, MICH. COMP. LAWS § 750.520d(1)(b). In his *pro se* petition, Petitioner raises two grounds for relief, as follows:

    I.    [PETITIONER'S] STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HE WAS COERCED INTO TAKING A PLEA BECAUSE HIS ATTORNEY WAS INEFFECTIVE AND NOT ACTING IN HIS BEST INTEREST AND TOLD HIM THAT IF HE DID NOT PLEAD GUILTY HE WOULD LOSE AT TRIAL AND SPEND THE REST OF HIS LIFE IN PRISON.

    II.    [PETITIONER] IS ENTITLED TO RESENTENCING WHERE THE SENTENCING GUIDELINES WERE MISSCORED IN VIOLATION OF THE STATE AND FEDERAL DUE PROCESS RIGHT TO SENTENCING BASED UPON ACCURATE

INFORMATION AND TRIAL DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE SCORING.

Respondent has filed an answer to the petition (ECF No. 8) stating that the grounds should be denied. Petitioner filed a reply (ECF No. 10). Upon review and applying the AEDPA standards, I find that Petitioner's claims are without merit. Accordingly, I recommend that the petition be denied.

## **Procedural History**

### A.   **Trial Court Proceedings**

Petitioner was charged with two counts of CSC III. On August 6, 2013, Petitioner pleaded guilty to Count II of the information (CSC III by penetration of the genital opening) as a third habitual offender. (Plea Transcript (Plea Tr.), 4, ECF No. 9-2.) In exchange, the prosecutor dismissed Count I of the information (CSC III by penetration of the mouth) and agreed to recommend a sentence of ten to thirty years' imprisonment. (*Id*.) On September 16, 2013, the trial court sentenced Petitioner to imprisonment of ten to thirty years. (Sentencing Transcript, 7, ECF No. 9-3.)

Petitioner's appellate counsel moved to withdraw the plea, raising the same claims of error presented in his habeas petition. The trial court denied the motion on July 10, 2014. Counsel raised the same issues in a delayed application for leave to appeal in the Michigan Court of Appeals, which denied his application on September 10, 2014, for lack of merit in the grounds presented. (*See* 9/10/14 Mich. Ct. App. Ord, ECF No. 9-5.) The Michigan Supreme Court subsequently denied Petitioner's

application for leave on appeal on March 3, 2015, because it was not persuaded that the questions presented should be reviewed. (*See* 3/3/15 Mich. Ord., ECF No. 9-6.)

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is

clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. \_\_\_, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief

unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## Discussion

### I. Guilty Plea

Petitioner contends that he was coerced to plead guilty by his attorney, who told him that if he did not plead guilty, he would lose at trial and spend the rest of his life in prison. "A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady*, 397 U.S. at 749, and may consider such factors as whether there is evidence of factual guilt. In order to find constitutionally valid guilty plea, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The

defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57.

When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *see also McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Garcia*, 991 F.3d at 326). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see also Parke v. Raley*, 506 U.S. 20, 29 (1992) (holding that the factual findings of voluntariness made by the state court are entitled to a presumption of correctness);

*Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (a solemn plea of guilty presents a "formidable barrier" to a subsequent claim to the contrary).

In this case, Petitioner stated that he understood the terms of the plea agreement. (Plea Tr. 5-6.) Petitioner indicated that he had reviewed the advice of rights form with his counsel and understood the rights he was giving up by pleading guilty. (*Id.* at 6-7.) He affirmed that his plea was not induced by threats and it was his "own free choice" to plead guilty. (*Id.* at 7-8.) Petitioner further agreed that he was guilty of the charge for which he was pleading guilty and that he forced the victim to have sex with him by making a threat of harm. (*Id.* at 8-10.) At the conclusion of the plea hearing, the trial court found that Petitioner's plea was accurate, understanding and voluntary. (*Id.* at 13.) The trial court's finding of voluntariness is entitled to a presumption of correctness.

Petitioner maintains that his plea was rendered involuntary by his trial counsel's statements that Petitioner would lose at trial and spend the rest of his life in prison if he did not plead guilty. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

- 8 -

professional assistance." *Id*. at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id*. (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id*. at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id*. In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

As an initial matter, the record belies Petitioner's assertion that he was coerced. At the plea hearing, petitioner indicated that he had not been threatened by anyone, and that it was his own decision to plead guilty. (Plea Tr. 7-8.) These statements by

Petitioner, made while under oath and in open court, carry a strong presumption of truthfulness. *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted). There is no evidence that counsel strong-armed Petitioner or used coercive tactics to get him to accept the plea. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). In light of Petitioner's plea colloquy, his bare claim that his counsel coerced him into pleading guilty is insufficient to overcome the presumption of truthfulness which attaches to statements made during the plea colloquy. *See United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (court did not commit error in denying defendant's motion to withdraw plea where his allegations of coercion were belied by

- 10 -

his statements at the plea hearing); *Jones v. Page*, 76 F.3d 831, 845 (7th Cir. 1996) (habeas relief not warranted where petitioner "made two clear and unequivocal statements at the plea hearing which belie the claim he is now making that he was pressured or coerced into pleading guilty."); *Otero–Rivera v. United States*, 494 F.2d 900, 902–03 (1st Cir. 1974) ("That the plea was 'coerced by defense counsel' is a conclusion unbuttressed by specific facts. Appellant originally told the court 'this is a voluntary plea,' a representation he cannot now so easily repudiate."); *Restucci v. Spencer*, 249 F. Supp.2d 33, 45-46 (D. Mass. 2003) (refusing to rely on petitioner's self-serving affidavits stating the counsel and family members coerced him into pleading guilty that flew in face of plea colloquy); *see also Heiser v. Ryan*, 813 F. Supp. 388, 401-03 (W.D. Pa. 1993) (rejecting petitioner's claim that counsel coerced his guilty plea by threatening to withdraw from the case, where the petitioner indicated during the plea colloquy that his plea was voluntary).

Moreover, informing a defendant that the alternative to pleading guilty is likely to be a much more lengthy sentence is not "coercion." *See McDonald v. Burke*, No. 96-2512, 1998 WL 384554, at *7 (6th Cir. June 17, 1998) (finding no coercion where defendant "felt only the inescapable pressures of the realities of his situation, not unconstitutional coercion."). As the Sixth Circuit has observed, "Pressures are inevitable in the guilty-plea context, but they do not automatically form the basis for a collateral attack." *Id.* (citing *United States v. Wilson*, 922 F.2d 1336, 1340–41 (7th Cir. 1991)). Petitioner was charged in the information with two counts of CSC III. In addition, the prosecutor also provided notice that Petitioner would be sentenced as a

fourth habitual offender. If convicted of the charged offenses and sentenced as a fourth habitual offender, Petitioner would have faced up to life in prison. *See* MICH. COMP. LAWS §§ 769.12(1)(b); 750.520d(1)(b), 750.520d(1)(b)(2). Petitioner's plea agreement, which included a sentence agreement of ten to thirty years, gives him with the possibility of parole in ten years with a maximum possible sentence of thirty years. If he had gone to trial, Petitioner would have faced the uncertain outcome of what amounted to a credibility contest between him and the victim. Under the circumstances, it was not objectively unreasonable for counsel to encourage Petitioner to avoid the risk of a life sentence by pleading guilty. Because Petitioner has failed to demonstrate that his plea was coerced or that his counsel rendered deficient performance, he is not entitled to habeas corpus relief.

## II. Sentence

In his second ground for relief, Petitioner claims that the trial court misscored Offense Variables (OVs) 7 and 12 of the sentencing guidelines in violation of his due process right to be sentenced based upon accurate information. Petitioner further contends that trial counsel was ineffective for failing to object to the scoring of those OVs.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States.'" *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge*, 431 U.S. at 75 n.7 (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

The Due Process Clause is implicated, however, when a court imposes a sentence based upon materially false information. *See United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 740 (1948) (citation omitted). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447. Petitioner fails to meet this difficult standard.

Offense Variable 7 addresses aggravated physical abuse. MICH. COMP. LAWS § 777.37(1). On the date of the crimes in this case, OV 7 required a score of fifty points

if "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense[.]" MICH. COMP. LAWS § 777.37(1)(a). In *People v. Hardy*, 494 Mich. 430, 411 (2013), the Michigan Supreme Court "conclude[d] that it is proper to assess points under OV 7 for conduct that was intended to make a victim's fear or anxiety greater by a considerable amount." The relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount. *Id*. at 443-444. The Court found that racking a shotgun during a carjacking to make the victim fear an imminent violent death supported an assessment of fifty points for OV 7. *Id*. at 445.

Petitioner claims that he was scored fifty points for allegedly telling the complainant not to move or he would "gut" her. Petitioner does not deny making the statement; rather, he contends that it was not sufficient to make the victim's fear or anxiety greater by a considerable amount. In other words, Petitioner does not claim that information relied upon by the trial court was materially false. Petitioner simply disagrees with how the trial court applied the sentencing guidelines, which does not raise an issue of constitutional magnitude. Moreover, Petitioner's argument is unpersuasive. Petitioner admitted at the plea hearing that he forced the victim to have sex with him by making a threat of harm. It was entirely reasonable for the trial court to find that Petitioner's threat of harm supported a score of fifty points.

Offense Variable 12 is contemporaneous felonious criminal acts. MICH. COMP. LAWS § 772.42. Five points are scored when one contemporaneous felonious criminal act *involving a crime against a person* was committed **or** two contemporaneous felonious criminal acts involving other crimes were committed. MICH. COMP. LAWS § 777.42(1)(d)-(e) (emphasis added). One point is scored when one contemporaneous felonious criminal act involving any other crime was committed. MICH. COMP. LAWS § 777.42(1)(f). A felonious criminal act is contemporaneous if the act occurred within 24 hours of the sentencing offense and it has not and will not result in a separate conviction. MICH. COMP. LAWS § 777.42(2)(a).

The probation department scored this variable based upon the complainant allegedly being assaulted with a knife. Petitioner contends that the CSC conviction subsumes the assault, and, thus, OV 12 should have been scored at zero. He further argues that, at most, he should have been scored one point because only one other criminal act occurred on the day of the offense. However, because the victim claimed that Petitioner assaulted her with a knife, an offense involving a crime against a person that did not result in a separate conviction, a score of five points plainly did not violate Petitioner's due process rights.

Petitioner further claims that trial counsel was ineffective for failing to object to the scoring of those OVs. As previously discussed, in order to establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or

- 15 -

fundamentally unfair outcome. The Court concluded above that there was no error in the scoring of OVs 7 and 12. Counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). Moreover, Petitioner cannot show that he was prejudiced because he received the sentence that was agreed upon as part of the plea agreement. Petitioner's claim, therefore, is without merit.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Murphy, 263 F.3d at 467. Consequently, the Court has examined each of petitioner's claims under the *Slack* standard.

Petitioner cannot demonstrate that reasonable jurists would find that the denial of habeas corpus relief on each of the grounds raised in his petition is debatable or

wrong. *See Slack*, 529 U.S. at 484. Accordingly, the Court should deny petitioner a certificate of appealability.

## **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied. See *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: May 17, 2017    /s/ Phillip J. Green
United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blat*, 454 F.3d 590, 596-97 (6th Cir. 2006).